**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAMON ROMERO,<br><br>            Plaintiff,<br><br>      v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the Social<br>Security Administration,<br><br>            Defendant. | NO. EDCV 06-00941 SS<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Ramon Romero ("Plaintiff") brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration (hereinafter the "Commissioner" or the "Agency") denying his application for disability benefits. The parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge. For the reasons stated below, the decision of the Commissioner is REVERSED and REMANDED for further proceedings.

**THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS**

To qualify for disability benefits, a claimant must demonstrate a medically determinable physical or mental impairment that prevents him from engaging in substantial gainful activity[1] and that is expected to result in death or to last for a continuous period of at least twelve months. <u>Reddick v. Chater</u>, 157 F.3d 715, 721 (9th Cir. 1998) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. §§ 404.1520, 416.920. The steps are:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

(2) Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three.

(3) Does the claimant's impairment meet or equal one of list of specific impairments described in 20 C.F.R. Part 404,

---

[1] Substantial gainful activity means work that involves doing significant and productive physical or mental duties and is done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910.

```
          Subpart P, Appendix 1?  If so, the claimant is found
          disabled.  If not, proceed to step four.
     (4)  Is the claimant capable of performing his past work?  If
          so, the claimant is found not disabled.  If not, proceed
          to step five.
     (5)  Is the claimant able to do any other work?  If not, the
          claimant is found disabled.  If so, the claimant is
          found not disabled.
```

Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citations omitted); 20 C.F.R. §§ 404.1520(b)-(g)(1) & 416.920(b)-(g)(1).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54. If, at step four, the claimant meets his burden of establishing an inability to perform past work, the Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity ("RFC"),[2] age, education, and work experience. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). The Commissioner may do so by the testimony of a vocational expert or by reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the Grids"). Osenbrock v. Apfel, 240

---

[2] Residual functional capacity is "what [one] can still do despite [his] limitations" and represents an "assessment based upon all of the relevant evidence." 20 C.F.R. §§ 404.1545(a), 416.945(a).

F.3d 1157, 1162 (9th Cir. 2001). When a claimant has both exertional (strength-related) and nonexertional limitations, the Grids are inapplicable and the ALJ must take the testimony of a vocational expert. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The court may set aside the Commissioner's decision when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720. It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. To determine whether substantial evidence supports a finding, the court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland, 257 F.3d at 1035 (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing that conclusion, the court may not substitute its judgment for that of the Commissioner. Reddick, 157 F.3d at 720-21.

**DISCUSSION**

Plaintiff contends, among other things, that the ALJ erred by failing to call a vocational expert to testify. This Court agrees. Because the Court finds that the case should be remanded on this basis, it does not reach the other arguments set forth by Plaintiff.

**A.   The ALJ Erred By Failing To Call A Vocational Expert To Testify**

To determine if substantial gainful work exists for the claimant, the ALJ may use the Medical-Vocational Guidelines ("grids") to consider claimants with substantially uniform levels of impairment. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000)(citing Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988)). When the grids do not completely describe the claimant's abilities and limitations, such as when the claimant has both exertional and non-exertional limitations (as is the case in the instant claim), the grids are inapplicable and the ALJ must take the testimony of a VE. Id.; see also Cooper v. Sullivan, 880 F.2d 1152, 1155 (9th Cir. 1989). Mental impairments and pain can be non-exertional limitations. Perminter v. Heckler, 765 F.2d 970, 872 (9th Cir. 1985).

The Court recognizes that the mere allegation of a non-exertional limitation does not automatically preclude application of the grids. The ALJ should first determine if a claimant's non-exertional limitations significantly limit the range of work permitted by his exertional limitations. See Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 577 (9th Cir. 1988) (citations omitted).

1    Here, substantial evidence was presented concerning Plaintiff's
2 non-exertional limitations of mental impairments and pain. In fact, it
3 appears that the ALJ recognized that Plaintiff's ability to work was
4 limited by nonexertional limitations. On page 6 of the ALJ's decision,
5 he states:

> Since the claimant is limited to light work with nonexertional limitations, it is apparent that he cannot perform any of his past relevant work.

(AR 17).

As it appears that the ALJ did conclude that Plaintiff's non-exertional limitations would significantly limit the range of work permitted by his exertional limitations, it was error to rely on the grids alone. <u>Desrosiers</u>, 846 F.2d at 577. As such, remand is required to permit the ALJ to take the testimony of a vocational expert.

**B.   Remand Is Required to Remedy Defects in the ALJ's Decision**

Remand for further proceedings is appropriate where additional proceedings could remedy defects in the Commissioner's decision. See <u>Harman v. Apfel</u>, 211 F.3d 1172, 1179 (9th Cir. 2000); <u>Kail v. Heckler</u>, 722 F.2d 1496, 1497 (9th Cir. 1984). Upon remand, the ALJ is directed to obtain the testimony of a vocational expert for the purpose of determining what occupations, if any, Plaintiff may perform given both his exertional and non-exertional limitations.

**CONCLUSION**

Consistent with the foregoing, and pursuant to sentence four of 42 U.S.C. § 405(g),[3] IT IS ORDERED that judgment be entered REVERSING the decision of the Commissioner and REMANDING this matter for further proceedings consistent with this decision. IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

/S/

DATED: October 2_, 2007

_____
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE

---

[3] This sentence provides: "The [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."